THE FALFURRIAS IMMIGRATION COMPANY ET AL. v. G. R. SPIELHAGEN.

No. 2068.   Decided April 20, 1910.

#### 1.—Receiver—Appointment—Court Acting on Pleadings.

The court is not authorized to appoint a receiver upon a petition verified by oath and alleging facts warranting such action where the existence of the necessary facts is specially denied in the answer of defendant and no evidence except the verified pleadings is before it.   (P. 342).

#### 2.—Same—Rules of Equity.

The adopting of the rules of equity in matters relating to the appointment of receivers (Rev. Stats., art. 1493) imports the rules of chancery pleading into such procedure, subject to such modifications as are involved in the statutes and rules of court governing pleading in this State.   (P. 343).

#### 3.—Same—Rulings on Demurrer.

In considering the effect of sworn denials of the allegations of plaintiff for obtaining the appointment of a receiver, in order to determine whether such appointment should be made, the court need not act upon plaintiff's exceptions

to such pleading; but where it has acted upon them and overruled exceptions questioning their fullness and definiteness, they should be taken as sufficient in this respect in determining their effect upon the right to have the receiver appointed.    (P. 343).

**4.—Receiver—Appointment—Appeal.**

The action of the trial court in appointing a receiver upon a verified petition and sworn denials alone, is not to be treated on appeal as a determination of the credibility of the respective affidavits, but as a construction of the two pleadings in order to see how far one meets the other, and is not binding upon the Appellate Court in the same way as a finding by the trial court on a question of the credibility of witnesses or the weight of evidence.    (Pp. 343, 344).

Question certified from the Court of Civil Appeals for the First District in an appeal from Nueces County.

*Scott & Pope, I. Lovenberg, Jr.,* and *Kleberg & Neethe,* for appellants.—(1) The application for the appointment of a receiver was heard upon bill, answer and replication only.    The answers of the defendants denied every material allegation of the bill.    Therefore the trial judge was not authorized to appoint a receiver for the Falfurrias Immigration Company.    (2) When an answer of a defendant denying all of the material allegations of a bill in equity has been excepted to for insufficiency and the exceptions have been overruled, the answer stands as a complete denial, and the plaintiff is not entitled to any equitable relief unless he overcomes the denials by proof.    The bill itself is not evidence for the plaintiff.    (3) A sworn answer denying all the material allegations of a bill in equity has the effect of putting plaintiff to his proof, no matter how general, or evasive even, the denials may be.    No proof of any kind was offered by the plaintiff, and it was, therefore, error for the trial judge to make the appointment prayed for.    Article 1493, Revised Statutes of Texas; New Birmingham I. & L. Co. v. Blevens, 12 Texas Civ. App., 410; Espuela L. & C. Co. v. Bindle, 5 Texas Civ. App., 18; San Antonio & G. S. Ry. Co. v. Davis, 30 S. W., 693; City National Bank v. Dunham, 18 Texas Civ. App., 184; Beach on Receivers, sec. 151; High on Receivers, sec. 24; Pomeroy on Equitable Remedies, sec. 70; Simkins' Suit in Equity, pages 293, 298, 301, 305, 313; 1 Enc. of Evidence, 917, 919, 926, 928, 456; 16 Cyc., 311, 319-321, 389.

*James B. Wells* and *F. W. Seabury,* for appellees.—On the hearing of any interlocutory application or motion, plaintiff's bill under oath is evidence for the plaintiff and makes out his prima facie case, according to the rules of chancery practice as well as under the practice in this State.    (1) Chancery practice:    Street on Federal Equity Practice, sec. 2554; Van Zile, Eq. P. & Pr., sec. 390, p. 539; 17 Encyc. Pl. & Pr., p. 738 (and cases from other States there cited). (2) Texas practice:    Shaw v. Shaw, 50 Texas Civ. App., 363; Bank v. Dunham, 18 Texas Civ. App., 184; Houston Cemetery Co. v. Drew, 13 Texas Civ. App., 536; San Antonio & G. S. Ry. Co. v. Davis, 30 S. W., 693; Ft. Worth St. Ry. v. Queen City Ry., 71 Texas, 165; Dawson v. Baldridge, 118 S. W., 593; Friedlander v. Ehrenworth, 58 Texas, 350.

When the defendants have not objected to the admission in evidence of the plaintiff's petition under oath as evidence in his behalf, they can not be heard on appeal to question that plaintiff has offered evidence in support of every allegation of fact contained in such petition.

The overruling by the trial judge of plaintiff's exceptions to the defendants' answers and his refusing to require defendants to answer further, was not an adjudication that the answers denied all the equities of the petition, or an adjudication of the weight to be given them on the subsequent hearing, but was purely a denial of plaintiff's right to have from defendants the further discovery in said exceptions prayed for. Re Sanford Fork and Tool Co., 160 U. S., 247; Walker v. Jack, 88 Fed., 576; Street's Federal Equity Practice, sec. 772; 16 Cyc., p. 315, "Office of Exceptions."

Defendants' answers not being full and responsive to the charges made by plaintiff, but evasive thereof, and not specifically and clearly denying the material allegations and equities of the petition, did not rebut plaintiff's prima facie case, particularly as that case was founded on specific allegations of fraud and the petition showed that the failure to appoint a receiver would cause plaintiff to lose all the benefits he would have if he finally succeeded in the suit.    (1) Chancery practice:  Story's Equity Pleading, 9th ed., sec. 849a, note a;  Shipman's Equity Pleading, pp. 517, 518, 519; 16 Cyc., pp. 311-313; Van Zile's Eq. Pl. & Prac., sec. 390, p. 540, secs. 406, 207, 208; Burpee v. First Nat. Bank of Janesville, 5 Biss., 405, Fed. Cas. No. 2185; Cameron v. Groveland Improvement Co., 20 Wash., 169, 72 Am. St. Rep., 26.  (2) Texas practice:  Dawson v. Baldridge, 118 S. W., 593; Friedlander v. Ehrenworth, 58 Texas, 350; San Antonio & G. S. Ry. Co. v. Davis, 30 S. W., 693; Ft. Worth St. Ry. v. Queen City Ry., 71 Texas, 165; Shaw v. Shaw, 50 Texas Civ. App., 363; Autrey v. Cannon, 11 Texas, 110; Burnley v. Cook, 13 Texas, 590; Clow v. Merritt, 15 Texas, 134; Oliver v. Chapman, 15 Texas, 400; Scherer v. Upton, 31 Texas, 617.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

The question to be decided is presented by certificate from the Court of Civil Appeals for the First District, as follows:

"This is an appeal now pending in this court from an interlocutory order of the district judge of the 28th Judicial District, made in chambers, appointing a receiver for the Falfurrias Immigration Company, one of the appellants, on the petition of the appellee.

"The appellee is a minority stockholder, but the largest individual stockholder of the said corporation. The defendants, besides the corporation, include all of the other stockholders of the corporation, these constituting its board of directors.

"The plaintiff's petition is properly verified, and states at length and with specificness the grounds upon which the appointment of a receiver is sought. As the question which we are certifying is one of practice, we deem it unnecessary to set out or state the substance of the petition.

"All of the defendants filed sworn answers to plaintiff's petition.

These answers contained a general denial, and, in addition, a special denial of every material allegation of the petition.

"To these answers the plaintiff filed his first supplemental petition, containing a general demurrer, numerous exceptions and a replication. By his exceptions plaintiff challenged the sufficiency of the defendants' answers in whole and in every part, insisting that they were evasive and in no part sufficient as a response to his charges, praying the court to require of the defendants a full and complete answer, and, in default thereof, that his petition, insofar as it asks for the appointment of a receiver, be taken pro-confesso.

"On November 7, 1908, the said judge, in chambers, overruled the plaintiff's general demurrer and all of his exceptions. To this action the plaintiff excepted, but the correctness of the ruling of the trial judge upon these exceptions is not presented to us by cross-assignment of error or otherwise.

"On the same day, to wit, November 7, 1908, the plaintiff's application for the appointment of a receiver was heard by the said judge in chambers, upon the aforesaid verified petition, the defendants' sworn answers and the plaintiff's replication thereto. No evidence other than the sworn pleadings themselves was introduced by any party.

"Upon this hearing the trial judge found as a fact, notwithstanding the aforesaid sworn denials of the defendant, that allegations of plaintiff's petition which entitled him to have a receiver appointed for the defendant corporation were true, and made and entered the interlocutory order appointing a receiver for said corporation, from which this appeal is prosecuted.

"We find that the sworn answers of defendants to some of the material allegations of plaintiff's petition were not full and definite, and if under the state of the record above shown the trial court was authorized to pass upon the issues of fact raised only by the sworn pleadings of the parties the conclusion of fact of the trial court should be sustained.

"Upon this statement we respectfully certify for your determination the following question:

"Was the court authorized under the circumstances above shown to appoint a receiver upon the sworn petition of the plaintiff unsupported by any additional affidavits?"

The question presented is whether or not a receiver may properly be appointed when the petition sworn to by the plaintiff is the only evidence of the existence of the facts alleged to obtain the appointment, and it is met by a denial of those facts in the answer sworn to by the defendant, and we think the question must be answered in the negative. We state the question thus, because the certificate recites that the answer contained a special denial of every material allegation of the petition. It is true that it is also stated that the answers to some of the material allegations of the petition were not full and definite, but it is not shown that, in any of its averments, the answer was so evasive that it ought not to be treated as a denial of the fact to which it related. We therefore treat the question to be as we have stated it and answer as above. The contentions of the

parties, however, make it proper that we discuss some questions incidentally suggested.

The statute provides: "In all matters relating to the appointment of receivers, and to their powers, duties and liabilities, and to the powers of the court in relation thereto, the rules of equity shall govern whenever the same are not inconsistent with the provisions of this chapter and the general laws of the State." (Art. 1493, Rev. Stats.)

It seems to be assumed by counsel for appellee that this imports all the rules of chancery pleading by bill, answer, exceptions thereto, and hearing upon bill and answer, as to which extensive citations are made to authorities in other jurisdictions where the chancery practice proper prevails. These are not entirely applicable. Our pleading in all such cases is by petition and answer, including the amended and supplemental pleas, as all these are defined and elaborated in the rules prescribed by this court. Under this practice, exceptions urged by a plaintiff to the defendant's answer may raise all questions as to its sufficiency in form and substance, whatever may be the rule under the equity practice elsewhere. While upon a preliminary hearing like that in question, it may not be necessary for the court to act specifically on exceptions to pleading at all, yet the same questions of law may arise in determining, upon a construction of the petition and answer, whether or not a case is shown for the granting of the application, as would be presented by exceptions to pleading; and when the court considers and acts upon exceptions to an answer, as was done in this case, if the answer lacks fullness or definiteness, the exceptions urging that objection should be sustained so as to allow opportunity for amendment. As a different course would likely mislead, it would be improper, we think, for a court, after having in this way sustained the denials as sufficiently full, to disregard them in acting on the application for a receiver for an insufficiency in that respect. It is doubtless true, as urged by counsel for appellee, that such a ruling on exceptions would not necessarily be an adjudication that the answer is sufficient to defeat the prayer for a receiver. That question would ultimately be decided by construing both petition and answer and determining whether or not the one showed facts sufficient to authorize the appointment, and, if so, whether or not the other denied enough of those facts to defeat such action unless the plaintiff should support the controverted averments by further proofs; but in so construing the pleadings those denials of the answer which had been held to be sufficiently full and definite in the ruling on exceptions ought to be included. The action of the court in thus determining the effect of the petition and answer is not properly to be regarded as a weighing of the credibility of the affidavits of the two parties, but is a construction of the two pleadings in order to see how far one meets the other. The Appellate Court can do that as well as the judge who made the appointment, and therefore the action of the latter is not binding in the same way as is a finding of a court or jury on a question of the credibility of witnesses or the weight of evidence. Whenever the sworn answer is found to meet the allegations of the petition, or enough of them to make improper the

appointment of a receiver if those so met be left out of consideration, the prayer therefor should be denied. We do not mean, of course, that the court in thus construing the pleadings is bound to accept as a denial of a fact properly alleged by the plaintiff every pretence of a denial that the answer may contain. An answer may be so evasive that it really does not deny what has been alleged, and of course the court should not treat such a one as a denial at all. (Story Eq. Pl., sec. 849, note a.) The certificate does not state such a case.