FOREST OIL CO. et al. v. WILSON et al.
(No. 8229.)

(Court of Civil Appeals of Texas. Ft. Worth.
May 1, 1915. Rehearing Denied
June 5, 1915.)

1. AFFIDAVITS ⊚⇒5—AUTHORITY TO TAKE—ATTORNEY OF RECORD.

An attorney of record for a party to an action who is also a notary public is authorized to administer the oath to an affidavit to his client, though it would seem that he cannot act as a notary in the taking of depositions nor in the execution of an instrument requiring acknowledgment, the one act being purely ministerial, and the other quasi judicial.

[Ed. Note.—For other cases, see Affidavits, Cent. Dig. §§ 18–27; Dec. Dig. ⊚⇒5.]

2. RECEIVERS ⊚⇒37—APPOINTMENT—AFFIDAVITS.

Where an affidavit stating reasons justifying the appointment of a receiver without notice, accompanied the petition as shown by a recital in the order appointing the receiver and the date of the file mark, it was properly considered by the court in passing upon the application for a receiver, though it was claimed that the affidavit was not attached to and made a part of the petition.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 62; Dec. Dig. ⊚⇒37.]

3. PLEADING ⊚⇒301—"VERIFICATION."

The term "verification," as applied to pleadings in equity practice, means that an affidavit must be attached to the plea that the facts therein stated are true.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 314, 318, 892–897, 904–906; Dec. Dig. ⊚⇒301.

For other definitions, see Words and Phrases, First and Second Series, Verification.]

4. CORPORATIONS ⊚⇒557—APPOINTMENT OF RECEIVER—SUFFICIENCY OF PETITION.

A petition alleged that plaintiffs were minority stockholders in a corporation; that it had a claim against certain individual defendants for money fraudulently obtained, as shown by an auditor's report and the books of the corporation; that one of such defendants had disposed of his stock; that the others had conspired to cause themselves and third parties whom they could control to be elected directors to cancel such claim, or prevent the collection thereof; that such defendants were and such third parties were, as directors, managing the corporation and in the control of its affairs; that the claim would be barred by limitations in a few days; that a receiver should be appointed; that those claiming to be directors were usurpers; and that, if the relief prayed for was not granted, the corporation and its stockholders would suffer irreparable injury. *Held*, that the petition was insufficient to authorize the appointment of a receiver, as it stated no cause of action, and sought no relief except the appointment of a receiver, which is merely an ancillary right for the protection of property until the final determination of an action.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2227, 2228, 2230–2236; Dec. Dig. ⊚⇒557.]

Appeal from District Court, Wichita County; J. W. Akin, Judge.

Suit by G. E. Wilson and others against the Forest Oil Company and others. From an order and judgment appointing a receiver, defendants appeal. Reversed and remanded.

Carrigan, Montgomery & Britain, of Wichita Falls, for appellants. W. F. Weeks, of Wichita Falls, for appellees.

BUCK, J. Appellees G. E. Wilson and five others, as plaintiffs, on March 6, 1915, filed suit against the Forest Oil Company, Geo. W. Hazelwood, J. L. Breathwit, and Mrs. Anna Johnson, a feme sole, asking the appointment of a receiver for the Forest Oil Company, a corporation, alleging, in brief, that plaintiffs were minority stockholders in said corporation; that said corporation owned property of the value of $100,000, and owed debts in the sum of about $15,000, and that among the corporation's assets was a claim or chose in action against the defendants Hazelwood, Breathwit, and Mrs. Johnson, executrix of the estate of W. W. Johnson, deceased, in the sum of about $20,000; that said claim was for stock promotion expenses and commissions and cash wrongfully and fraudulently obtained by said Hazelwood, Breathwit, and W. W. Johnson since the organization of said corporation, on or about March 12, 1913; that the certain items of money so obtained were more fully shown in the report of the auditor made some six months prior to the filing of the suit, and by the books of said corporation, and that said defendant persons had failed and refused to pay to said defendant corporation any part of said amount, though often requested, etc. It was further alleged that since said auditor's report said defendant Breathwit had disposed of a major portion of his stock in said company for the purpose of placing it beyond the reach of said Oil Company, and that since said time Hazelwood and one John Eaton, who was alleged to be the agent of Mrs. Johnson, executrix, had conspired to cause themselves and others named whom they could control to be elected directors of said corporation "for the purpose of canceling said claim held by said corporation, and if not for this purpose, then for the purpose of preventing the said corporation from bringing suit to collect said claim, and if suit should be brought by individual stockholders to collect said claim for said corporation, then to act for said corporation as its board of directors to contest said suit and use every effort to prevent said claim from being collected." It was further alleged that said Hazelwood and Eaton, the latter as representative for Mrs. Johnson, were claiming to be directors of said corporation, and were claiming that three others named were also directors, and that said Hazelwood and Eaton controlled these three others, and these five persons were, at the time of suit, managing said corporation, and in control of its affairs, books, etc.; that, if the claim was prosecuted by suit, it could and would be collected, but said claim would be barred by the statutes of limitation on March 12, 1915, "or very soon thereafter." Plaintiff alleged that

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

it would be futile to ask said managers to bring such suit, and that a receiver should be appointed to take charge of the affairs of said corporation and to bring this suit and to preserve the records, vouchers, and other papers of the corporation then in the custody of said managers, and to preserve the same as evidence for the purpose of suit. It was further alleged that those who were in charge of the corporation and claiming to be its duly elected directors were not in fact so, but were usurpers, and that the majority of the stockholders were opposed to such persons acting in the capacity claimed, and that the receiver urged to be appointed should take charge of the affairs of said corporation, not only for the reasons aforesaid and to prevent the destruction of the vouchers, warrants, and other evidence mentioned, but to manage the affairs of the corporation until a valid election could be held. It was further alleged that, if the relief prayed for was not granted, "said corporation and its stockholders" would suffer irreparable injury, etc., and there was a prayer for notice to defendant for the appointment of a receiver and general and special relief. This application was verified by the following oath:

"I, G. E. Wilson, being duly sworn on my oath, state that I believe the matters of fact set forth above to be true."

The oath was administered by W. F. Weeks, notary public, and who was also attorney of record for plaintiffs.

The district court, upon presentation of the petition, and without notice to defendants, entered an order in part as follows:

"On this, the 6th day of March, 1915, came on to be considered the application of the plaintiffs for the appointment of a receiver; and, it appearing to the court, upon said consideration and the affidavit of G. E. Wilson accompanying same, that an immediate necessity exists for the appointment of such receiver, notice of said application is hereby dispensed with."

By said order the court appointed a receiver with full authority to take charge of all the property and affairs of the corporation, fixing his bond at $20,000, and expressly authorizing him to bring the suit on behalf of the Forest Oil Company, the necessity for which was alleged in plaintiffs' petition.

Accompanying the petition was the affidavit of G. E. Wilson, referred to in the court's order, as follows:

"I, G. E. Wilson, one of the partners [parties?] in cause No. 50, G. E. Wilson et al. v. Forest Oil Company et al., pending in the Seventy-Eighth district court of Wichita county, Tex., being duly sworn on my oath, state that an immediate necessity exists for the appointment of a receiver as prayed for in said original petition because of the following facts: That there are certain contracts and vouchers which are of great importance to the said Forest Oil Company in the prosecution of said suit mentioned in said petition; that said papers are now in the possession of the parties named in said petition, and are liable to be lost or destroyed, and, if said papers are lost or destroyed, the said Forest Oil Company will suf-fer irreparable injury; that there is not time to give the said defendants named in said petition notice of the filing of said application for receiver, and not time to permit a hearing on said notice, for the reason that the suit mentioned in said petition to be brought by said receiver should be brought on or before March 8, 1915, as $1,250 of said amount to be sued on will be barred by limitation on that date or very soon thereafter."

From the order and judgment of the court, the defendants appealed, and upon the filing of a supersedeas bond a stay of further proceedings was granted by the court.

[1] Appellants and appellees have both filed briefs in this court. In their seventh assignment of error appellants attack the sufficiency of the affidavit of G. E. Wilson to plaintiffs' petition because it was made before W. F. Weeks, notary public, and also attorney for plaintiffs. Under our law and the authorities of this state, an attorney of record who is also a notary is authorized to administer the oath to his client to an affidavit, though it appears he cannot act as a notary in the taking of depositions, nor in the execution of an instrument requiring acknowledgment. In the former instance his act is purely ministerial, while in the latter it is quasi judicial. Ryburn v. Moore, 72 Tex. 85, 10 S. W. 393; Kosminsky v. Raymond, 20 Tex. Civ. App. 702, 51 S. W. 51, writ of error denied 93 Tex. 688.

[2] By another assignment, complaint is made of the action of the court in considering the affidavit of G. E. Wilson, in which affidavit reasons are set forth which are claimed to constitute a condition of emergency and justify the granting of the application without notice, because, as claimed in the proposition under the eighth assignment, this affidavit was not attached to and made a part of the petition, "and the application cannot be supplemented by a paper found with the papers of the case." We do not think there is any merit in this assignment. The marginal notation on the page of the transcript containing this affidavit is as follows: "Affidavit of G. E. Wilson accompanying petition." And the order of the court recites that said affidavit accompanied the petition, and the affidavit and the petition bear file mark of the same day, and hence we hold there was no error in the court's considering said affidavit in support of the application for the appointment of a receiver without notice.

[3] By another assignment appellants attack the sufficiency of the affidavit to the petition in that the affiant does not make oath to the truth of the facts therein alleged, but merely states "that he believes the matters of fact set forth to be true." In support of the sufficiency of this affidavit appellees cite us to the case of Continental Trust Co. v. Cowart, 173 S. W. 588, by the Court of Civil Appeals for the First District, which was a suit by minority stockholders against the Continental Trust Company, a corporation, and against other defendants

named, in which said petition there was an alternative prayer for the appointment of a receiver, and the petition "was verified by the affidavit of the plaintiff that he believed the allegations and statements contained in the petition were true and correct." It does not appear that the sufficiency of this affidavit was directly brought in issue, nor that in disposing of the case the sufficiency thereof was given consideration by the court, unless it might be argued that the court impliedly approved such form as being sufficient, in that attention was called to it in the opinion, and no condemnation or adverse criticism was made; but, since the judgment of the trial court in that case was not sustained, the probable or inferential support of this form of verification, which it is claimed the case cited authorizes, loses much of its probative effect. We are inclined to hold that the form of verification as used in this case does not meet the requirements of the law, and is not in compliance with the requirements of equity practice, by the rules of which matters relating to the appointment of receivers are governed. Article 2155, Vernon's Sayles' Tex. Civ. Stat. The term "verification," as applied to pleadings in equity practice, means that an affidavit must be attached to the plea that the facts therein stated are true. And it was held in Graham v. McCarty, 69 Tex. 324, 7 S. W. 342, that an affidavit that facts set forth in plea to jurisdiction are true to the best of affiant's knowledge and belief was insufficient; also in Railway Co. v. Pietzsch, 10 Tex. Civ. App. 575, 30 S. W. 1083, that an affidavit to defensive pleadings required to be under oath, to the effect that, "I am reliably informed and verily believe them to be true," is insufficient; that the affidavit must be positive and not hearsay. See Book III, Texas Notes, 893; Book V, Texas Notes, 1151.

[4] But, irrespective of the question of the sufficiency of the verification to the petition, at least a majority of this court are of the opinion that the petition itself is not sufficient to authorize the appointment of a receiver. Where a petition for the appointment of a receiver states no cause of action, there is no right to the appointment of a receiver; such appointment being merely an ancillary right for the protection of property until final determination of the action. Farwell v. Babcock, 27 Tex. Civ. App. 162, 65 S. W. 509; People v. Crawford, 45 S. W. 738; High on Receivers (2d Ed.) § 17. It will be noted that in the petition filed no cause of action is asserted on behalf of plaintiffs against any of the defendants, nor is any recovery sought in this suit, nor relief prayed for, except the appointment of a receiver. It is well said in 34 Cyc. 60:

"Receivers should not be appointed simply because an occasion for their appointment is anticipated, or may arise in the future. The occasion must exist when the appointment is made and past conduct shown."

If the Forest Oil Company, through its present managers, could not be relied upon to bring the suit described in plaintiffs' petition, and for the bringing of which a receiver was asked, then the plaintiffs, as minority stockholders, could sue in their own name (Joy v. F. W. Compress Co., 24 Tex. Civ. App. 94, 58 S. W. 173), or they could bring the suit in their own name and for the benefit of the corporation. In Williams v. Watt, 171 S. W. 266, it was held that courts of equity will not appoint a receiver of a corporation at the suit of a stockholder on the ground of fraud, mismanagement, etc., on the part of the corporate authorities, but will merely enjoin or forbid the wrong complained of.

Appellees cite us to the case of Falfurrias Irrigation Co. v. Spielhagen, 103 Tex. 144, 124 S. W. 616, Id., 103 Tex. 339, 127 S. W. 164, on certified question from the Court of Civil Appeals for the First District, and also the case of Continental Trust Co. v. Cowart, 173 S. W. 588. But, as the Supreme Court in neither discussion of the Falfurrias Irrigation Company Case sustained the sufficiency of the petition for receiver, but upon the first presentation of the certified question from the Court of Appeals (103 Tex. 144, 124 S. W. 616) dismissed the certificate, and upon the second presentation disposed of the question certified, which did not involve the sufficiency of the petition, without discussing the phase here presented, we are unable to see the pertinency of the reference. Moreover, the majority of this court do not think that the pleading in the cited case, as disclosed in the opinion of the Court of Civil Appeals for the First District (129 S. W. 164), discloses a state of facts analagous to those shown in this case.

Because, in our opinion, the petition of the plaintiffs, in failing to assert any cause of action in the plaintiffs as against the defendants, was ineffectual as a means of procedure for the appointment of a receiver, the judgment and order of the trial court in appointing said receiver is hereby reversed, and the cause remanded.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes