## SOUTHWEST GRAIN & HAY CO. et al. v. CONTINENTAL INV. CO. (No. 804.)

(Court of Civil Appeals of Texas. Beaumont. April 17, 1922.)

1. Appeal and error ⬅️👉551 — In absence of statement, bill of exceptions looked to as to whether facts existed authorizing receiver.

In the absence of a statement of facts, the bill of exceptions may be looked to to ascertain whether facts existed which authorized the appointment of receiver.

2. Receivers ⬅️👉36—Error to appoint on unverified petition in absence of evidence.

In a suit to appoint a receiver, where there was no evidence that defendant was insolvent nor indebted to plaintiffs, the grounds upon which the suit was based, and the petition and prayer were not verified, it was error to appoint one.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Suit by the Continental Investment Company against the Southwest Grain & Hay Company. From an order appointing a receiver, defendant excepts and appeals. Assignment of error sustained. Judgment reversed, and cause remanded.

Moody, Boyles, Walker & Scott, of Houston, for appellant.

Fulbright & Crooker, of Houston, for appellee.

HIGHTOWER, C. J. This suit was filed by the appellee Continental Investment Company, in one of the district courts of Harris county, against the appellant, Southwest Grain & Hay Company, and the First National Bank of Houston and one John H. Baber were also made defendants; the latter being sued in his capacity as trustee. Appellee alleged, substantially, the recovery of a judgment against the named appellant and one Marshall H. Smith, and prayed for the appointment of a receiver for appellant company. As grounds for such appointment, appellee alleged, substantially, that appellant was insolvent and unable to pay appellee's judgment against it, and that appellant was also indebted to the First National Bank of Houston, and that in order to secure said bank in the payment of its debt, appellant had agreed with the bank to place its personal property, stocks, bills receivable, choses of action, etc., in the hands of said Baber, as trustee with the understanding that Baber would conduct the business owned by appellant and pay off the bank's indebtedness; that if such arrangement should be carried out, all of appellant's assets would be exhausted, and there would be nothing left out of which appellee might realize its debt against appellant. It was prayed that a receiver be appointed, and be ordered and directed to take charge and control of all the property of appellant that had been placed in the hands of Baber, as trustee, and that such receiver be directed to pay off appellee's debt, etc.

All the defendants answered by general demurrer, general denial, and other special pleas. The petition was presented to the court in chambers, and was set down for hearing in chambers, and upon hearing a receiver was appointed and directed to take possession, charge, and control, of all of appellant's property and assets and to manage and control and dispose of same under orders of the court, etc. To such order appointing the receiver, appellant duly excepted, and gave notice of appeal, which he has prosecuted.

According to the court's judgment, as shown in the transcript, this action in appointing the receiver was upon the ground that appellant was insolvent.

By the first assignment of error, appellant complains that there was no evidence adduced upon the hearing for the appointment of a receiver, showing that appellant company was insolvent, as claimed by the appellee, and that therefore the court should not have appointed a receiver, as it did, without evidence of such insolvency. The appellee's petition for the appointment of a receiver was unverified, as was also appellant's answer. There is no statement of facts in the record, but there is a bill of exception, which, after the style of the case, reads as follows:

---

"Be it remembered that on the 26th day of January, 1921, there came on to be heard in chambers the application of plaintiff, the Continental Investment Company, Inc., for the appointment of a receiver for the defendant Southwest Grain & Hay Company, and thereupon all parties appeared, and upon consideration of the bill and answer only, there being no evidence introduced or offered by either plaintiff or defendants, the court made and entered an order on January 28, 1921, that W. H. Ward be appointed receiver of the Southwest Grain & Hay Company, to the making and entering of which order the defendants then and there in open court excepted; and, for as much as the matters and things above set forth are not of record, they tender this their bill of exception No. 1, and pray that the same be signed by the judge of this court, and ordered filed and made a part of the record herein, which is here now done, this 3d day of February, 1921."

[1, 2] This bill was duly approved by the judge, who appointed the receiver, and was O. K.'d by the attorneys for the appellee. Were it not for the recitation, as a fact, in this bill of exception that no evidence whatever was adduced upon hearing for the appointment of a receiver, this court, in the absence of a statement of facts, would presume that there was evidence before the judge which authorized the appointment of the receiver. But it affirmatively appearing from the bill, as a fact, that there was no evidence whatever introduced by either side before the judge, bearing upon any issue between the parties, we are compelled to sustain the assignment, and hold that the judge was in error in appointing such receiver as he did. In the absence of a statement of facts, the bill of exception may be and should be looked to by this court in order to ascertain whether the facts existed which authorized the appointment of the receiver. Reed v. Robertson, 106 Tex. 56, 156 S. W. 196; Drummond v. Allan National Bank (Tex. Civ. App.) 152 S. W. 739. There being no evidence, according to the recitation in the bill of exception, that appellant was insolvent, which was the ground upon which the appointment of the receiver was prayed, and according to the decree was the judge's reason for the appointment, the court was not authorized to appoint a receiver, and erred in doing so. Falfurrias Immigration Co. v. Spielhagen, 103 Tex. 339, 127 S. W. 165; Forest Oil Co. v. Wilson (Tex. Civ. App.) 178 S. W. 626.

It is also contended by appellant that the appointment of the receiver was error because there was no proof whatever of any indebtedness of appellant to appellee. According to the recitation in the bill of exception, that no evidence whatever was introduced by either party, this contention of appellant must also be sustained. It may be that had the appellee's petition and prayer for appointment of a receiver been properly verified, the judge might properly have appointed a receiver, in the absence of other evidence, but, as we have shown above, appellee's petition was not verified. A decision of this point, however, is not called for.

Upon the record before us, it is clear that the trial court was in error in appointing a receiver for appellant company as he did, and the assignments attacking the order are sustained, and the judgment reversed, and the cause remanded.