**PENLAND et ux. v. THACKER et ux.**
(No. 9101.)

(Court of Civil Appeals of Texas. Dallas. Nov. 10, 1923.)

1. Receivers ⚖➡36—Appointment of receiver without proof erroneous where verified answer was filed.

Where to a verified petition sufficient for appointment of a receiver defendant filed a verified answer denying all its allegations, appointment of such receiver without requiring further proof of plaintiff was reversible error.

2. Receivers ⚖➡36—Burden of proof on verified pleadings in receivership contest held on plaintiff.

Where to a verified petition containing facts sufficient for appointment of a receiver defendant filed a verified answer denying all allegations, plaintiff had the same burden of proof on such issue as in the ordinary trial.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Suit by W. H. Thacker and wife against E. Paul Penland and others. From an interlocutory order appointing a receiver, the named defendant and his wife appeal. Reversed and remanded.

Spell, Naman & Penland, of Waco, and Thomas, Frank, Milam & Touchstone, of Dallas, for appellants.

HAMILTON, J. Appellees instituted this suit for the purpose of canceling certain deeds to real estate in the city of Dallas, and for the purpose of recovering certain moneys alleged to have accrued to appellant E. Paul Penland in the course of his possession and control of appellees' interest in the property. Frank E. Thacker was made a party to the suit under an allegation that he was the owner in fee simple of one-half undivided interest therein, for the purpose of effecting a partition between him and appellants. In conformity with a prayer for the appointment of a receiver under the allegations an interlocutory order was entered appointing a receiver, and this appeal is prosecuted from that decree of the court.

The petition, which appears to be somewhat voluminous, and to recite fully and in detail the facts relied upon for the appointment of a receiver, was sworn to by appellees. In response to it an answer was filed by appellant Penland which met all of the essential allegations of the petition relied upon for the appointment of a receiver, specifically traversing and denying them. This answer was duly sworn to by Penland. In addition to the verified answer a detailed and specific statement from appellees' attorney, who had formerly represented them in connection with the transfer of the property to Penland, and who had carefully, painstakingly, and faithfully advised them at different times as to all their rights in relation to the property and in relation to transactions between them and Penland affecting it, was presented to the court. This statement was sworn to by the attorney. No other proof was received.

[1] The case of Falfurrias Immigration Co. v. Spielhagen was disposed of by the Supreme Court of this state exclusively upon the question of whether or not a receiver may be appointed when the plaintiff's sworn petition is the only evidence of the existence of the facts alleged to obtain the appointment, and it is met by a sworn answer which denies all the essential facts which it contains as a basis for the appointment. The question was decided to the effect that in such situation a receiver cannot properly be appointed. It is held, in effect, that, if the verified petition contains facts sufficient to authorize the appointment, and the answer denies enough of those facts to defeat such action, then, to obtain and support an order appointing the receiver, it becomes incumbent upon the plaintiff to support by additional proof the allegations of his petition controverted by the answer. Falfurrias Im. Co. v. Spielhagen, 103 Tex. 339, 127 S. W. 165.

[2] Testing the instant case by the authority of this decision, the conclusion is inevitable that appellees' position, which is that they were entitled to the appointment of a receiver as a matter of right under the sworn allegations of the petition, unless those allegations were overcome by evidence based upon the sworn answer specifically denying the allegations, is untenable. The duty did not rest upon appellants to assume the burden of procedure and proof upon the filing of an answer sufficient in substance to meet the allegations. The effect of the sworn answer filed in response to the sworn petition was to resolve the case into the same attitude which prevails in the ordinary lawsuit under our system of pleadings. That is to say, the result was nothing more than to put into issue as a fact the question of whether or not appellant was entitled to the appointment of a receiver. When the verified answer was filed, and both parties appeared before the court for further procedure, the requirement rested upon appellees to tender further proof as a prerequisite to obtaining a judgment, and, upon their failing to introduce proof, judgment should have been entered for appellants. Appellants performed more than was required of them under the authority of the above-cited case to defeat the appointment of a receiver upon the sworn petition alone, when they filed as evidence the affidavit of the attorney who had previously represented appellees. However, since the effect of the sworn petition was misapprehended, we do not feel justified in rendering judgment here refusing the appointment, and will reverse and remand the cause to afford appellants an opportunity to present it to the trial court in conformity with the views above expressed.

Reversed and remanded.