### LANGLOIS et al. v. MARTIN.

#### No. 13681.

Court of Civil Appeals of Texas. Fort Worth.

May 7, 1937.

secure two promissory notes, one for the sum of $3,000, dated July 9, 1936, and the other for $500, dated August 28, 1936, both payable to H. A. Tucker, the contractor, and assigned to plaintiff, Roy D. Martin, each of said notes made payable 30 days after date.

It was alleged that Raymond Floyd Stegall, a minor, owned an interest in the property and he, together with John N. Sparks and W. M. Massie, receivers for the Investors Mortgage Company, holder of a prior lien on the property, were also made defendants.

In his original petition, plaintiff prayed for appointment of a receiver to collect the rents accruing on the property, alleged to consist of apartments, all in possession of defendants Frieda H. and J. J. Langlois. Plaintiff alleged, on information and belief, that defendants Frieda H. and J. J. Langlois are collecting and appropriating the rents accruing from the property and are not applying the same upon plaintiff's two notes and that the prior note and lien in favor of the mortgage company is in danger of default to the further detriment of plaintiff's lien.

Attached to the petition was plaintiff's affidavit in which it was stated that all facts alleged therein as such were true and that allegations, upon information, he believed to be true.

The petition was filed on February 4, 1937, and on the same day and without notice to any of the defendants, the trial judge appointed a receiver to collect all rents accruing upon the property and hold same subject to orders of the court during the pendency of the suit, but without disturbing the defendants Frieda H. and J. J. Langlois in their possession of the apartments, now occupied by them.

E. B. Hendricks and Hiner & Pannill, all of Fort Worth, for appellants.

George F. Seideman and Johnson & Hart, all of Fort Worth, for appellee.

DUNKLIN, Chief Justice.

This appeal is from an order overruling appellant's motion to vacate a former order appointing a receiver of rents accruing on a certain lot situated in the city of Fort Worth.

The suit in which the receivership was granted was instituted by appellee, Roy D. Martin, to foreclose two alleged mechanic's liens on the property, executed by appellants Frieda H. Langlois and husband to

On February 6, 1937 (two days after the receiver was appointed), plaintiff filed his first amended original petition with substantially the same allegations as those in the original petition, with additional allegations, in substance, that the minor defendant Raymond Floyd Stegall is without a legal guardian to protect his interest in the property and his interest therein is in danger of loss from the action of Mr. and Mrs. Langlois, who are of doubtful personal financial responsibility, in collecting and appropriating the rents from the property "and the security of this plaintiff's two said notes may become inadequate for his debt." The amended peti-

tion was verified in manner and form as was the original.

It does not appear that the amended petition was presented for a further order of a receivership appointment. Apparently, it was filed to supplement the original with additional allegations noted. Attached to both petitions were copies of the notes sued on, and the mechanic's lien contracts. The mechanic's lien contracts embodied the obligation of the contractor to furnish all materials and labor and make and erect, build and finish the improvement in a good, substantial, and workmanlike manner, according to the plans and specifications signed by the parties.

On February 22, 1937, defendants Frieda H. and J. J. Langlois and Frieda H. Langlois, as guardian of the person and estate of the minor, defendant Raymond Floyd Stegall, filed their motion to vacate the receivership, which included a general demurrer and numerous special exceptions to plaintiff's petition for appointment of a receiver. Following are some of the special exceptions, to wit: Lack of a showing that plaintiff's mechanic's lien contract included a lien on the rents accruing on the property or right to possession and control of it, pending the foreclosure sought; absence of any allegation of the value of the property to serve as a basis for determining that the same is insufficient to satisfy plaintiff's debt after payment of the prior lien.

In addition to a general denial of the alleged equities as a basis for receivership, defendants specially pleaded that the property was the homestead of the defendants Frieda H. and J. J. Langlois; that the contractor breached his mechanic's lien contracts by failing to construct the improvements in compliance with its specifications; pointing out many of the defects in the construction which were of substantial and material character by reason of which the value of the improvements was $1,000 less than they would have been had they been constructed according to plans and specifications.

The motion was duly verified by defendants and plaintiff filed no reply thereto.

No evidence was introduced upon the hearing of the motion to vacate the receivership. The motion was overruled upon consideration of the pleadings alone.

█ It is elementary that the burden was upon plaintiff to make a strong showing of equities entitling him to have a receiver take from the defendants their right of control of their property until they lose that right as a result of foreclosure proceedings. And the absence of any lien in plaintiff upon the rents accruing on the property or any showing that the appointment of a receiver was necessary to prevent destruction or waste of the property and consequent loss, or depreciation of plaintiff's security for his notes, was of itself fatal to plaintiff's application for a receivership. The allegation that defendants were failing to apply the rents upon the liens against it were insufficient at all events, since plaintiff's verification thereof was upon information and belief only; and the same were denied by defendants in their verified pleadings. 36 Tex.Jur. pp. 62 to 67, inclusive., pp. 100 to 101, inclusive, § 54, p. 118.

█ Moreover, the verified allegations in defendants' motion to vacate the receivership that the property on which the improvements were to be made was the homestead of defendants at the time, and that the contractor had failed in a very material respect to construct the improvements in accordance with his contract, all of which facts were known to plaintiff at the time he acquired the notes in suit and not denied by him in his pleadings, must be accepted as true for the purposes of the motion. Under those facts the mechanic's lien, made the basis for a receivership, never became legally enforceable. 36 Tex. Jur. § 54, p. 118; Falfurrias Immigration Co. v. Spielhagen, 103 Tex. 339, 127 S.W. 164; Penland v. Thacker (Tex.Civ.App.) 255 S.W. 635; Murphy v. Williams, 103 Tex. 155, 124 S.W. 900; Ingraham v. England (Tex.Civ.App.) 258 S.W. 278.

Accordingly, the order appointing the receiver is reversed and the receivership is vacated. This decision will be certified to the trial court for observance.