**FRADELIS FROZEN FOOD CORPORATION, Appellant,**

v.

**G. R. GAMBLE, Appellee.**

No. 13522.

Court of Civil Appeals of Texas.
San Antonio.

June 24, 1959.

Eskridge, Groce & Hebdon, and Frank P. Christian, San Antonio, for appellant.

William J. Salyer, James C. Brady, San Antonio, for appellee.

MURRAY, Chief Justice.

This suit was instituted in the District Court of Bexar County by G. R. Gamble, a resident of Bexar County, Texas, against Fradelis Frozen Food Corporation, with its principal place of business located in Los Angeles, California, seeking to recover the sum of $2,138.15, alleged to be due and owing plaintiff by defendant.

Plaintiff alleged that he had stored a number of cases of frozen goods belonging to defendant in a warehouse in Texas, and requested that a receiver be appointed to take charge of these frozen goods, to protect, preserve and sell them at the best price obtainable, and further alleged that he had an equitable lien against these goods securing defendant's indebtedness to him. The petition was sworn to by plaintiff and filed in the District Court of Bexar County on May 21, 1959, and on that date the presiding judge ordered notice to issue to the defendant to appear before the 131st District Court on the 10th day of June, 1959, to show cause why a receiver should not be appointed as prayed for in plaintiff's petition.

On June 8, 1959, two days before the matter was set for hearing, the defendant filed a sworn answer, denying the material allegations in plaintiff's petition, with reference to the necessity for appointment of a receiver. On June 10, 1959, the matter came on to be heard and the trial court, without hearing evidence on behalf of either party, appointed T. Gilbert Sharpe, an attorney of Brownsville, Texas, as receiver for the frozen goods, from which interlocutory order defendant, Fradelis Frozen Food Corporation, has appealed.

The trial court erred in appointing a receiver without requiring proof by appellee, G. R. Gamble, of the allegations contained in his petition when appellant filed a sworn denial traversing those allegations. The burden of proof rested upon appellee to establish the allegations contained in his petition by a preponderance of the evidence. In Penland v. Thacker, Tex.Civ. App., 255 S.W. 635, 636, the Court said:

"Testing the instant case by the authority of this decision, the conclusion is inevitable that appellees' position, which is that they were entitled to the appointment of a receiver as a matter of right under the sworn allegations of the petition, unless those allegations were overcome by evidence based upon the sworn answer specifically denying the allegations, is untenable. The duty did not rest upon appellants to assume the burden of procedure and proof upon the filing of an answer sufficient in substance to meet the allegations. The effect of the sworn answer filed in response to the sworn petition was to resolve the case into the same attitude which prevails in the ordinary lawsuit under our system of pleadings. That is to say, the result was nothing more than to put into issue as a fact the question of whether or not appellant was entitled to the appointment of a receiver. When the verified answer was filed, and both parties appeared before the court for further procedure, the requirement rested upon appellees to tender further proof as a prerequisite to obtaining a judgment, and, upon their failing to introduce proof, judgment should have been entered for appellants."

See also, 36 Tex.Jur. 117, § 53; Am.Jur. 92, § 108; Falfurrias Imp. Co. v. Spielhagen, 61 Tex.Civ.App. 111, 129 S.W. 164, 165; Whitson Co., Inc. v. Bluff Creek Oil Co., Inc., Tex.Civ.App., 256 S.W.2d 1012; Langlois v. Martin, Tex.Civ.App., 105 S.W. 2d 440; Worthington v. Suehs, Tex.Civ. App., 93 S.W.2d 220.

The conclusion we have reached above renders it unnecessary to pass upon other points presented by appellant.

The order appointing a receiver is reversed, set aside and held for naught.