MOLLIE A. LAUGHLIN ET AL. v. FIDELITY MUTUAL INSURANCE COMPANY.

No. 157.

1. **Questions Certified—Practice.**

    A Court of Civil Appeals certified the question:  " Under the pleadings and evidence as stated, did the court err in instructing the jury to return a verdict for defendant?"   A synopsis of the pleadings and of the evidence accompanied the question.   *Held*, this is the whole case, on law and fact, and can not be considered ........ ................. 116

2. **Same.**

    A bill of exceptions to the ruling of the trial court upon the evidence is certified, with question as to the correctness of the ruling of the trial court upon it.   *Held*. that the question is one of mixed law and fact, and can not be considered, even if all the testimony in the case was certified........................................... ................... 116

3. **Same.**

    Five charges are set out as having been asked by the plaintiff and refused by the trial judge, with the question, " Do any of the special charges requested announce correct propositions of law in this case; and if so, which of them should have been given in charge to the jury?"   *Held*, that this does not state " the very question to be decided by the Supreme Court," and it can not be considered...................... 117

87 115
f89 272

QUESTIONS CERTIFIED from Court of Civil Appeals for the Fifth District, in an appeal from Ellis County.

*J. E. Lancaster* and *A. L. Love*, for appellants.

*M. Templeton*, for appellee.

STAYTON, CHIEF JUSTICE.—Inspection of the certificate in this case, and comparison of the questions certified with the briefs sent up, show that the entire case has been sent to this court for decision, and in accordance with the ruling this day made in case of Kellogg-Goodfellow Shoe Company et al. v. Liberty Insurance Company, the certificate must be dismissed.

This certificate, however, is more faulty than that in case referred to. The substance of the pleadings is given and some of the evidence is stated; but upon this the Court of Civil Appeals finds and certifies no conclusions of fact, but propounds, among others, the following question: "Under the pleadings and evidence, as stated, did the court err in instructing the jury to return a verdict for defendant?" Thus is the whole case, on law and facts, submitted to this court for decision.

An entire bill of exceptions, containing a somewhat lengthy correspondence, is given in full, showing that the letters were objected to on the ground that statements therein made were irrelevant, and that this objection was sustained.

Upon this bill of exceptions the following question is certified: "Was the correspondence material to the issues raised, and should it have been admitted in evidence?"

It is frequently the case that the relevancy or materiality of evidence depends not alone upon the issues made by the pleadings, but may depend on the evidence already admitted; as for example, it may become relevant for the purpose of impeaching the credibility of a witness who has testified, and therefore admissible, while it could not be received to prove a fact in issue.

The question to be determined on the bill of exceptions is one of mixed law and fact, and not one of law solely; and was all the evidence introduced in the case given, the question would not be such as this court may decide on certificate.

Five charges asked by plaintiff were refused, and these are copied in the certificate, and thereon is propounded the following question: "Do any of the special charges requested announce correct propositions of law in this case; and if so, which of them should have been given in charge to the jury?"

This interrogatory does not state "the very question to be decided by the Supreme Court," but leaves that to be gathered, if possible, from all

the charges refused; and this in the absence of knowledge of all the facts of the case, without which it is often impossible declare that a charge should have been given or refused.

A correct answer to the three questions propounded could not be given without knowledge of facts which might affect them, other than such as are given in the certificate, and were this court to attempt to answer them as propounded, injustice might be done to some litigant.

Because of the manner in which the questions are propounded, and because the whole case has been certified, the certificate will be dismissed.

*Dismissed.*

Delivered June 4, 1894.