## W. E. EUSTIS ET AL. V. CITY OF HENRIETTA.

### Decided December 21, 1896.

Supreme Court—Certificate of Dissent.

The provisions of the statute, relating to the bringing of cases to the Supreme Court, on certificate of dissent from the Court of Civil Appeals (Rev. Stats. arts. 1040, 1041, 1042), contemplate that, in certifying the point or points of dissent, the court shall state distinctly in the certificate the very questions upon which the members of the court are not in accord. This statement should .be made by the court in the form either of a certificate or of an order requiring the certification by the clerk, which should set forth separately, and in detail, the points upon which the members of the court are divided in opinion. A certificate of dissent which does not comply with these requirements will be dismissed; but where it has been demanded by one of the parties, it should be again certified, and in proper form.

CERTIFICATE of dissent from Court of Civil Appeals for Second District, in an appeal from Clay County.

The certificate in question was to the correctness of the order, which is copied in the opinion, and was accompanied by certified copies of the majority and of the dissenting opinions.

GAINES, CHIEF JUSTICE.—This case is brought to this court upon a certificate of dissent; but, as the questions are presented, we are of opinion that we should decline to exercise the jurisdiction of determining them.

The articles of the Revised Statutes which confer jurisdiction upon the court over questions upon which the judges of the Court of Civil Appeals may be divided in opinion read as follows:

"Art. 1040.    When any one of said Courts of Civil Appeals shall in any cause or proceeding render a decision in which any one of the judges

therein sitting shall dissent as to any conclusions of law material to the decision of the case, said judge shall enter the grounds of his dissent of record, and the said Court of Civil Appeals shall, upon motion of the party to the cause, or on its own motion, certify the point or points of dissent to the Supreme Court.

"Art. 1041. When a certificate of dissent is sent up by any Court of Civil Appeals, it shall be the duty of the clerk to send up a certified copy of the conclusions of fact and law as found by the court, and the questions of law upon which there is a division, and the original transcript, if so ordered by the Supreme Court, and thereupon, if the Supreme Court so direct, the clerk shall set down the same for argument and notify the attorneys of record.

"Art. 1042. After the question is decided the Supreme Court shall immediately notify the Court of Civil Appeals of their decision, and the same shall be entered as the judgment of said Court of Civil Appeals."

We apprehend, that it was contemplated by these provisions, that in certifying the point or points of dissent, the court shall state distinctly in their certificate the very question or questions upon which the members of the court are not in accord. Article 1041 requires the clerk to send up "a certified copy of the conclusions of law and fact found by the court and the questions of law upon which there is a division." This may be construed to mean that the clerk is to send up the questions as stated by him, but it is obvious that it was not intended to devolve so important a function upon the clerk. We think the provision should be construed as if it had read: "A certified copy of the conclusions of law and fact as found by the court and of the questions of law upon which there is a division"—meaning a certified copy of the questions of law. This implies that the questions are to be formulated; and hence it is to be inferred, that the questions should be distinctly stated by the court.

The court in this case has merely ordered that the points of dissent be certified. That order reads as follows: "This day came on to be heard the motion of appellants for a rehearing in this cause, which having been heard and considered by the court is overruled. Hunter, J., dissenting. And points of dissent on motion of appellants ordered certified to the Supreme Court." Whether or not it was contemplated that the court should make out and subscribe a certificate, we need not decide. That is a matter of form, and as such a failure to comply with the requirement would not be a ground for a dismissal of the certificate. (Rev. Stats., article 972.) An order requiring the certification of the questions, (provided it state the questions), when certified by the clerk, is practically a certificate in substantial conformity to the statute. But we think, whatever form be resorted to, the order or certificate as the case may be, should set forth separately and in detail the points upon which the members of the court are divided in opinion. There is, in our opinion, no difference in this respect between certifying a question under article 1043, and certifying a dissent under the articles already quoted. Under article 1043, however, the Chief Justice is required to certify; while

under the former articles, the certificate is to be made by the court. A different rule was applied in case of dissent for the reason probably, that the Chief Justice might be the dissenting judge.

The case is complicated. It depends upon the validity of a sale of real estate for taxes and also presents the question, whether the applicants have placed themselves in position to challenge the validity or regularity of the sale. It appears, from the opinions which accompany the certificate, that the views of the court were radically divergent upon the leading questions in the case, and that a dissent upon many points followed as a result. Some of the questions are undoubtedly questions of law, but there is at least one which may be either a question of law or of fact. The majority of the court find, in their conclusions of fact, that there were taxes to the amount of $174 due upon the land. In this conclusion the dissenting opinion seems not to concur. The amount due may depend upon a question of law, and not upon the determination of any dispute as to the facts. So that we are left in doubt as to our jurisdiction of this question, and cannot solve the doubt without resorting to the record—a recourse which we think the statute did not contemplate. We do not feel that we are authorized, at least in a complicated case like this, to ascertain by contrasting the two opinions the questions we are called upon to determine. The Court of Civil Appeals should state the questions, and for the failure of the court to do this in this case the certificate will be dismissed.

Because the certificate was demanded in this case by one of the parties to the suit, we think, the court ought again to certify the questions so as to conform to the statute.

The certificate is dismissed.

*Certificate of dissent dismissed.*