Berlin Iron Bridge Company v. City of San Antonio.

No. 730. Decided January 19, 1899.

**Certified Questions—Abstract.**

The certificate of a question to the Supreme Court must show that it is not an abstract one, but is a question which has arisen in the case, and how arising.

Questions certified by the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

*Franklin, Cobbs & McGown*, for appellant.

*R. B. Minor*, for appellee.

BROWN, Associate Justice.—The Court of Civil Appeals of the Fourth Supreme Judicial District has certified to this court the following statement and question:

"In the above numbered and entitled cause pending on appeal in the Court of Civil Appeals for the Fourth Supreme Judicial District of Texas, a question of law arises, which the court deems advisable to submit to the Supreme Court for adjudication, and has directed me therefore to certify to your Honorable Court the following question:

"Explanation—Section 43 of the charter of the city of San Antonio reads: The city shall have power 'to borrow money on the credit of the city and issue bonds therefor to an amount not to exceed $50,000 for street improvements, * * * provided that no debt shall be

contracted for the payment whereof such bonds are issued  *  *  * until such bonds have been disposed of and the proceeds thereof paid into the city treasury; and when any bonds are issued by the city a fund shall be provided to pay the interest and 2 per cent per annum on the principal as a sinking fund to redeem the bonds,' etc."

Question.—"The charter being an act of the Legislature, does it, by said section 43, provide for the annual interest and sinking fund on bonds in such manner as to dispense with the necessity of provision by the council for such fund, when bonds are issued under such section; or in other words, does said section of itself impose upon the city the duty to levy and collect annually the fund for such purposes, in such manner. as to admit of a mandamus to compel its officers to do so? The question is asked in view of the opinion of the Supreme Court in Mitchell County v. Bank, 91 Texas, pages 372, et seq."

The honorable Court of Civil Appeals has not accompanied this certificate with a statement showing how the question propounded arose on the trial, nor does it appear from any facts found by that court and embraced in the statement that the question is involved in the case. On the contrary, the briefs of counsel show that it is doubtful whether the answer, if given, could be properly applied to the facts shown by the record.

We regret the necessity of dismissing such certificates. The law does not confer upon the Supreme Court jurisdiction to answer abstract questions, but confines the authority to such as arise in the course of the trial of a cause, and it has frequently been held by this court that the certificate must show that the question presented is of that character. It is ordered that this certificate be dismissed.

DENMAN, Associate Justice, did not sit in this case.