### FALFURRIAS IMMIGRATION COMPANY ET AL. V. G. R. SPIELHAGEN.

#### No. 2056. Decided February 2, 1910.

**Certified Questions.**

The law permitting questions to be certified to the Supreme Court for decision does not authorize the transfer of an entire case to it, so as to substitute its jurisdiction for that of the Court of Civil Appeals. See certificate in an appeal from an order appointing a receiver held improper as thus transferring the decision of the entire case, in an action where the appellate court is, by law, given final jurisdiction.

Questions certified from the Court of Civil Appeals for the First District, in an appeal from Nueces County.

*G. R. Scott* and *Pope,* for appellant.

*James B. Wells* and *F. W. Seabury,* for appellee.

MR. JUSTICE WILLIAMS. delivered the opinion of the court.

From an interlocutory order of the district judge, appointing a receiver for the appellant company, on the petition of appellee, an appeal was taken to the Court of Civil Appeals for the First District. That court has certified to us for decision these two questions:

"First: Were the allegations of the petition sufficient to authorize the trial judge to appoint a receiver for the defendant corporation?

"Second: If the petition be held sufficient, was the judge authorized, notwithstanding the sworn denial of the defendant before set out, to appoint a receiver upon the sworn petition of the plaintiff unsupported by any additional affidavit?

The certificate also contains a full statement of the allegations of the petition and of the answer. It is obvious that the entire case has been certified.

In answering the questions this court would have to determine whether or not the petition stated a cause of action; and, if so, whether or not it is one the enforcement of which may be aided by the appointment of a receiver, and, if so, whether or not the facts essential to such appointment are sufficiently stated. If all these questions should be resolved in the plaintiff's favor, then the only question remaining would be that put to us as the second.

This court from the first has held that the statute regulating the certifying of questions does not authorize the transfer of an entire case to this court so as to substitute its jurisdiction for that of the Court of Civil Appeals, but only authorizes the certification of particular question or questions of law upon which the decision depends. Shoe Co. v. Insurance Co., 87 Texas, 112; Laughlin v. Insurance Co., 87 Texas, 115; Bassett v. Sherrod, 89 Texas, 272; Mann v. Dublin Oil Co., 91 Texas, 617.

The statute gives an appeal to the Court of Civil Appeals from an order appointing a receiver and has made the judgment of that court conclusive of such appeal. It certainly was not intended that the judgment of this court, upon an entire case, should be substituted for that of the court to which the appeal is allowed. While we do not intimate that particular questions of law, arising in that class of appeals, may not be certified to this court, we do hold that it would be inconsistent with the purposes of both the statute authorizing and limiting such appeals and that regulating the certifying of questions, to entertain certificates the effect of which is to transfer to this court a jurisdiction lodged exclusively with another.

*Certificate dismissed.*