### J. W. OWENS ET AL. v. C. H. TEDFORD.

No. 4147.   Decided February 25, 1925.

(269 S. W., 418.)

1.—Certified Question—Sufficiency of Evidence.

A question as to the sufficiency of evidence to sustain a given finding (existence of a partnership) is one of fact, and does not present a law question over which the Supreme Court can exercise jurisdiction on certified question. Such proceeding is also unwarranted as violating the rule against certifying the whole case to the Supreme Court.   (Pp. 392, 393).

2.—Same—Conflict of Decisions—Abstract Question.

An answer by the Supreme Court as to the conflict of decisions by courts of civil appeals on the sufficiency of evidence to sustain a finding of fact would be a determination of an abstract question, not of one of law involved in the case, and such as that court has no power to answer.   (P. 393).

3.—Cases Reviewed.

Certifying questions of fact: Choate v. Railway Co., 91 Texas, 409; Wilson v. Freeman, 108 Texas, 125; Electric Exp. & Bag. Co. v. Ablon, 110 Texas, 242; Kelley-Goodfellow Shoe Co. v. Liberty Ins. Co., 87 Texas, 115; McCrary v. McCrary, 230 S. W., 208. Certifying whole case: Poole v. Burnet Co., 97 Texas, 85; Laughlin v. Fidelity Mut. Ins. Co., 87 Texas, 116; Eustis v. City of Henrietta, 90 Texas, 255. Certifying abstract question: Berlin Iron Bridge Co. v. San Antonio, 92 Texas, 389; Galveston, H. & S. A. Ry. Co. v. Zantzinger, 92 Texas, 369; Western U. Tel. Co. v. Burgess, 54 S. W., 1022.   (Pp. 392-394).

Questions certified from the Court of Civil Appeals for the Second District, on error from Tarrant County.

*Cole & Simpson,* for plaintiffs in error.

*C. M. McFarland,* for defendant in error.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

Certified Questions from the Honorable Court of Civil Appeals of the Second Supreme Judicial District of Texas, in an appeal from the County Court of Tarrant County.

The certificate discloses that the Fort Worth Court of Civil Appeals reversed a judgment in favor of appellee Tedford, against a partnership composed of appellants J. W. Owens and Jack Carter and one B. W. Isaacs, and against appellants J. W. Owens and Jack Carter, on the holding "that the evidence was insufficient to sustain the allegation of partnership on the part of Owens and Carter with Isaacs, Associate Justice Buck dissenting."

After setting forth certain findings of fact and the testimony of three witnesses believed to sufficiently reflect the evidence on the question of partnership of either of the appellants with Isaacs, the certificate reads:

"Therefore, by reason of said dissent of one of the judges of this court, and by reason of a claimed conflict between the decision in this case and the decision in Roberts v. McKinney, 187 S. W., 976, by the Beaumont Court of Civil Appeals, and the case of Stegar v. Greer, 228 S. W., 304, by the Austin Court of Civil Appeals, we have concluded to grant appellee's motion to certify, and hence submit to your Honors the following questions:

"1. Is the evidence in this case sufficient to show that Carter and Owens, or either of them, was a partner with Isaacs in the drilling of the well, so as to become liable for debts incurred in such drilling?

"2. Are we in conflict with the decisions in the two cases above mentioned?"

The Court of Civil Appeals has also submitted an amended certificate which is not materially different from the first, except the form of the first question is changed so that the questions read:

"1. Do the facts found by us, as well as the evidence herein set out, show that Carter and Owens, or either of them, was a partner with Isaacs in the drilling of the well, so as to become liable for the debts incurred in such drilling?"

"2. Are we in conflict with the decisions in the two cases above mentioned?"

The dissent, according to the certificate, is from the holding, that "the evidence was insufficient to sustain the allegation of partnership on the part of Owens and Carter with Isaacs."

The first question certified, which in view of the whole certificate is not materially modified by the amendment, asks the Supreme Court to determine the sufficiency of the evidence in the case to show that Carter and Owens, or either of them, was a partner with Isaacs in the drilling of the well, so as to become liable for debts incurred in such drilling.

A question as to the sufficiency of evidence is a question of fact. In Choate v. Ry. Co., 91 Texas, 409, 44 S. W., 69, the Court through Chief Justice Gaines approved the distinction made by Greenleaf between questions of law and of fact, in these words: "Whether there be any evidence or not is a question for the judge; whether it is sufficient evidence is a question for the jury."

A holding that the evidence was insufficient to show that a defendand was liable to a plaintiff was held not to present a law question in Wilson v. Freeman, Receiver, 108 Texas, 125, Ann. Cases, 1918D, 1203, 185 S. W., 993, and in Electric Express & Baggage Co. v. Ablon, 110 Texas, 242, 218 S. W., 1030, and in numerous other Supreme Court decisions.

The Supreme Court exercises its appellate jurisdiction either by means of an answer to a certified question or through grant of a writ of error. The Constitution provides that the Court's appellate jurisdiction—no matter how exercised—shall be confined to questions of law. It can no more extend to a question of fact, such as whether the evidence is sufficient to support a certain judgment, when its jurisdiction is invoked by means of a certified question, than when its jurisdiction is exercised in response to an applicaton for writ of error.

Speaking through Judge Stayton, the Court announced in Kelly-Goodfellow Shoe Co. v. Liberty Insurance Co., 87 Texas. 115, 26 S. W., 1063, "that none other than purely questions of law can be considered," in answering questions certified from a Court of Civil Appeals.

In McCrary v. McCrary, 230 S. W., 208, the Fort Worth Court of Civil Appeals properly refused to certify to this Court the point of dissent in that case because it related to the sufficiency of evidence to sustain a certain judgment. In so refusing to certify, the Court said: "We are also asked to certify this case to the Supreme Court, but the majority do not deem it advisable to do so. By reference to article 1521 of our Revised Statutes, defining the jurisdiction of our Supreme Court, it will be seen that that Court has been given jurisdiction over questions of law only."

Not only is the first question withdrawn from our jurisdiction as a question of fact, but moreover to ask this Court whether all relevant facts in evidence render a party liable for the debt sought

to be recovered comes within the oft declared rule against certifying a whole case to the Supreme Court.

The Court said in Poole v. Burnet County, 97 Texas, 85, 76 S. W., 425; ''The fourth question does not propound any proposition of law which can be said to be 'the question in the case' but in broad terms calls upon this court to decide the whole case upon the facts stated. This is not in accordance with the statutes of this State, nor with the rules of this court governing such proceedings, wherefore, we do not answer that question.''

Laughlin v. Fidelity Mutual Ins. Co., 87 Texas, 116, 26 S. W., 1064, was a case where the Court of Civil Appeals propounded the question whether under the pleadings and stated evidence, the Court erred in peremptorily instructing the jury to return a certain verdict. In refusing to answer the question it was held that this was an attempt to submit the whole case for decision by the Supreme Court.

The statutes are explicit in requiring the Courts of Civil Appeals to formulate the precise point of dissent or the specific question of law to be determined by the Supreme Court, and it was never intended that this duty should be avoided by reciting pages of testimony and then asking whether liability was thereby established or defeated. Eustis v. City of Henrietta, 90 Texas, 255, 38 S. W., 165.

No answer is to made to any question which is not to become a final and conclusive determination of some question of law. Article 1625, Revised Statutes. No matter what answer we gave to question No. 2, it could furnish no basis for any adjudication whatever.

Suppose we answer ''yes'' to question No. 2, then we determine that a certain question has been decided in one way by the Fort Worth court and in a contrary way by the Beaumont and Austin courts. But, the answer settles no question of law on which the appeal by Owens et al. may be disposed of. The Fort Worth Court of Civil Appeals is under no compulsion to yield its judgment to another Court of Civil Appeals merely because there is a difference of opinion between the two co-ordinate courts.

Manifestly nothing would be settled by a negative answer to question No. 2. To answer that there is no conflict neither affirms nor denies anything as to the proper disposition of any question of law by which the rights of the parties to this lawsuit must be determined.

It necessarily follows that question No. 2 is entirely abstract.

So frequently have abstract questions been dismissed that it must be regarded as settled that the Court has no power to answer same. Berlin Iron Bridge Co. v. San Antonio, 92 Texas, 389, 49 S. W., 211; G. H. & S. A. Ry. Co. v. V. F. Zantzinger, 92 Texas, 369, 44 L. R. A.,

553, 71 Am. St., 859, 48 S. W., 563; Western Union Telegraph Co. v. Burgess, 54 S. W., 1022.

It is ordered that the certificates of the Court of Civil Appeals be dismissed.