H. TAYLOR ET AL. v. HIGGINS OIL & FUEL COMPANY ET AL.

No. 4883. Decided October 26, 1927.

(298 S. W., 891).

*Llewellyn & Kayser*, for appellant.

*Baker, Botts, Parker & Garwood; C. L. Carter, S. H. German, E. B. Pickett, Jr.; Stewart, De Lange & Milheiser; W. W. Cruse,* and *McDonald Meachum,* for appellees.

MR. JUDGE SPEER delivered the opinion of the Commission of Appeals, Section B.

This is a certified question from the Ninth District, and in view of our conclusion that the certificate should be dismissed, we have not thought it proper to set the case for submission. After stating that the case is one of boundary in the form of trespass to try title involving 1.27 acres of land, the certificate proceeds in great detail to set forth the issues made by the pleadings, the testimony, the contentions of both parties on appeal to that court, the opinions of the Court of Civil Appeals upon hearing and rehearing, numerous findings of fact, the direction by the trial court of a verdict, the final judgment of the trial court, and finally making a part of the certificate "the entire record in this case." Upon this the Chief Justice certifies the following questions:

"1. Appellants having admitted, as shown by our certificate, that the land in controversy was originally covered by the Higgins lease, did H. Taylor, individually and as guardian, H. Mecom, and the Mecom Oil Company, plaintiffs below, and appellants here, in their action of trespass to try title, show such title as entitled them to recover any greater interest in the land in question and the mineral interest therein than was adjudged to them by the judgment of the trial court? In other words, did appellants show such title to the

land in controversy as to enable them to maintain this action in trespass to try title?

"2. As a matter of law, are appellants estopped to assert the contention now advanced by them; and under appellees' plea of estoppel must the north and south boundary lines of the H. D. Moor tract be fixed as a matter of law as being 1,682 varas long, that is as extending only 1,682 varas from the Stengler west boundary line?

"2a. If you should answer Question No. 2 in the negative, then as a corollary of that question, provided your answers to the other questions submitted necessitate a reversal of this case, does the evidence offered by appellees raise the issue of estoppel, as involved in Question No. 2, for the consideration of the jury?

"3. Do the facts raise an issue as to the location of the west boundary line of the league, which, as a matter of law, should have been submitted to the jury? In other words, are we correct in our original opinion in our conclusion that as a matter of law the west boundary line of the league was correctly established by the trial court at the point contended for by 'appellees?

"4. Have we correctly disposed of the issue of improvement in good faith?"

Art. 1851 of the Revised Civil Statutes of Texas, 1925, provides:

"Whenever there shall arise an issue of law which a Court of Civil Appeals should deem advisable to present to the Supreme Court for adjudication, the presiding judge shall certify the question to be decided by the Supreme Court."

This clearly contemplates that an issue of law involved in a pending case rather than the case as a whole should be certified. Such has been the holding of our Supreme Court in numerous cases. It was never contemplated by the legislature that the duty devolved upon the Court of Civil Appeals to decide a given case could be transferred to the Supreme Court through the medium of a certificate. If this were permissible, it could and would follow in those cases where by statute the jurisdiction of the Court of Civil Appeals is made final that the Supreme Court would in truth be called upon to decide the case, in effect exercising the jurisdiction made final by statute in the Court of Civil Appeals.

Perhaps the latest discussion of this matter by the Supreme Court is in Owens v. Tedford, 114 Texas, 390, 269 S. W., 418. The principal question certified in that case was as follows:

"Do the facts found by us, as well as the evidence herein set out, show that Carter and Owens, or either of them, was a partner with

Isaacs in the drilling of the well, so as to become liable for the debts incurred in such drilling?"

Concerning this certificate Justice Greenwood, for the court, said:

"To ask this court whether all relevant facts in evidence render a party liable for the debt sought to be recovered comes within the oft declared rule against certifying a whole case to the Supreme Court."

The Justice then quotes from an earlier Supreme Court decision as follows:

"The fourth question does not propound any proposition of law which can be said to be 'the question in the case,' but in broad terms calls upon this court to decide the whole case upon the facts stated. This is not in accordance with the statutes of this State, nor with the rules of the court governing such proceedings, wherefore we do not answer that question."

And still another Supreme Court decision is referred to, condemning a question, "whether under the pleadings and stated evidence the court erred in peremptorily instructing the jury to render a certain verdict," as an attempt to submit the whole case for decision by the Supreme Court.

We think Justice Greenwood's opinion, supported as it is by all the decisions, very much in point on the form of the certificate, and requires that the certificate in this case should be dismissed as an attempt to certify the entire case to the Supreme Court for decision.

Of course we do not mean to indicate that no question of law which would have controlling effect upon the case could in any event be certified to the Supreme Court, but the certificate in this case clearly, we think, attempts to present the all-embracing question of whether or not the judgments of the lower courts were correct under all the pleadings and evidence—the entire case.

We therefore recommend that the certificate should be dismissed.

Presiding Judge Powell not sitting.

The opinion of the Commission of Appeals recommending the dismissal of the certificate is adopted, and ordered certified; and the certificate is dismissed.

*C. M. Cureton,* Chief Justice.