First National Bank of Port Arthur v. J. Zorn, Jr., Trustee in Bankruptcy.

No. 4881.   Decided November 23, 1927.
(299 S. W., 847).

*Nall & King, J. W. Williams* and *Leon Sonfield,* for appellant.

*George Chilton,* for appellee.

Mr. Presiding Judge SHORT delivered the opinion of the Commission of Appeals, Section B.

This is a certified question from the Ninth District.   Upon an inspection of the record, we have reached the conclusion that the certificate should be dismissed.   The certificate first gives a history of the transaction involved in the suit with much detail, upon which the pleadings were evidently based, concluding with the statement that the trial court gave a peremptory instruction to the jury to find in favor of the appellee $40,000, upon which judgment was entered in accordance therewith, and the further statement that the case was pending in the Court of Civil Appeals for the Ninth District.   The reason given for certifying the questions to the Supreme Court is that these questions appear to be of much importance in connection with the corporation laws of the State of Texas, in consequence of which the Court of Civil Appeals concluded that it was advisable to certify to the Supreme Court the following questions:

"Question No. 1.

"This not being an action to set aside a lien on property, or to recover property conveyed in fraud of creditors, but for the recovery of property, or its value, alleged to belong to the bankrupt corpora-

tion, and withheld and detained or converted by appellant bank, if the corporation itself could not for any reason have recovered the deposit, does appellee, as its trustee in bankruptcy, stand in any other or better position than the corporation, so as to entitle him to recover it?

## "Question No. 2.

"The trustees of the joint stock association having been given authority, under the declaration of trust, to incorporate the trust property, was the agreement between the trustees, as promoters or organizers of the corporation, to the effect that the corporation should take over the assets and property of the association, and continue the business theretofore conducted by the association, paying therefor the sum of $40,000, such assets and property being of the kind and nature as the corporation, under its charter, was authorized to purchase, and the business being of a nature which the corporation, under its charter, was authorized to conduct, a valid agreement which could be, expressly or impliedly, adopted by the corporation upon its organization?

## "Question No. 3.

"The corporation, immediately upon its clients having taken over all the asests and property and continued the conduct of the business theretofore conducted by the unincorporated association, making no payment for same except through the charge of the check given appellant bank in the name of the corporation the day prior to its creation, and all the directors and officers having full knowledge of the execution and delivery of such check, the purpose thereof, its charge against the deposit balance, the account between the corporation and the appellant bank, the corporation never thereafter asserting any right to the deposit or any part thereof, and asserting full right and title to the assets, property and business of the joint stock association so taken over by it, the same constituting a part of the property coming into the hands of and administered by appellee as trustee in bankruptcy of the corporation, the corporation having so taken over the assets and property and continued the business without resolution of its Board of Directors, and there being no bill of sale or conveyance of the property, assets and business by the joint stock association to the corporation, would the facts above stated establish a purchase by the corporation of such assets, property and business,

and an implied adoption of the agreement between the promoters or organizers of the corporation?

## "Question No. 4.

"The loan not having been made on the credit of Albright and Harrison, and the deposit made or credit given being upon express condition that the money should not leave the possession of appellant bank and should be used only in the payment for the assets of the joint stock association to be taken over by the corporation and applied in payment of the loan represented by the notes of Albright and Harrison, the deposit to be checked against for no other purpose, and so applied to the payment of the notes and the cancellation of the credit immediately upon notification of the filing of the charter by charging against the deposit the check in the amount of the loan and the deposit payable to appellant bank, which check was executed and delivered contemporaneously with the loan and deposit, did appellant bank, upon notification of the filing of the charter, have the right to apply the deposit to the payment of the loan evidenced by the Albright and Harrison notes?

## "Question No. 5.

"In view of the foregoing facts as found by us, and stated above, was the trial court authorized to instruct the verdict in favor of the appellee, as he did?"

Art. 1851 of the Revised Civil Statutes of Texas, 1925, provides:

"Whenever there shall arise an issue of law which a Court of Civil Appeals should deem advisable to present to the Supreme Court for adjudication, the Presiding Judge shall certify the question to be decided by the Supreme Court."

In the case of Taylor et al., appellants, v. Higgins Oil & Fuel Co. et al., appellees (298 S. W., 891), wherein the Honorable Court of Civil Appeals of the Ninth District, through its Chief Justice, certified certain questions, this section of the Commission of Appeals handed down an opinion which was adopted by the Supreme Court and not yet printed, dismissing the certificate, wherein this language was used in speaking of the construction of the above quoted article:

"This clearly contemplates that an issue of law involved in a pending case rather than the case as a whole should be certified. Such has been the holding of our Supreme Court in numerous cases. It was never contemplated by the Legislature that the duty devolved

upon the Court of Civil Appeals to decide a given case could be transferred to the Supreme Court through the medium of a certificate. If this were permissible it would follow in those cases where, by statute, the jurisdiction of the Court of Civil Appeals is made final that the Supreme Court would in truth be called upon to decide the case, in effect exercising the jurisdiction made final by statute in the Court of Civil Appeals." Citing Owens v. Tedford, 114 Texas, 390, 269 S. W., 418.

An inspection of the certificate in this case shows that it is subject to the objections quoted in the case above cited as well as in the case of Owens v. Tedford and many others which might be cited.

We therefore recommend that the certificate should be dismissed.

The opinion of the Commission of Appeals dismissing certified questions is adopted, and the dismissal order certified to the Court of Civil Appeals.

*C. M. Cureton,* Chief Justice.