Chicago, Rock Island & Gulf Railway Company v. Mrs. N. J. Harris, Administratrix.

No. 5458.   Decided February 19, 1930.
(24 S. W., 2d Series, 385.)

*Smith & Rowland, Lassiter, Harrison & Pearson,* and *McMurray & Gettys,* for appellant.

*Burch & Woodruff* and *Edwards & Hughes,* for appellee.

Mr. Presiding Judge HARVEY delivered the opinion of the Commission of Appeals, Section A.

The Court of Civil Appeals for the Second District has submitted its certificate containing two certified questions. The certificate shows that N. J. Harris was conductor on a freight train of the

Chicago, Rock Island and Gulf Railway Company, which was traveling south towards the town of Bridgeport in Wise County, Texas. Harris was in the caboose of the train. Just ahead of the caboose was a cattle car. The running board on top of this cattle car is alleged to have been defective. When the train whistled for Bridgeport, Harris went out of the caboose onto the front platform thereof. This was the last time he was seen alive. When the train reached the station, he was not on the train. On search being instituted, his dead body, cut in two, was found on the railroad track some distance from town. In the plaintiff's petition, it is alleged that Harris, in stepping from the top of the caboose to the running board on the top of the cattle car, was caused to fall between the cars, by the defective condition of said running board. Numerous circumstances shown in evidence are set out in the certificate, as having possible bearing on this issue. The suit is for the recovery of damages resulting from the death of Harris. The certified questions are as follows:

"1. Under the facts as shown above, in connection with all other testimony shown in the statement of facts, accompanying this certificate, was there sufficient evidence to show that Harris fell off the train as he was attempting to step from the running board on the caboose to the running board on the cattle car?

"2. Was the evidence sufficient to sustain the allegations of plaintiff below that in attempting to step from the caboose to the cattle car he stepped on the extension of the running board on the cattle car, and that said extension vibrated or gave way to some extent and he thereby was thrown from the car?"

By these questions the Supreme Court is called on to determine a fact question, that of the sufficiency of the evidence to prove facts in issue. The Supreme Court has no jurisdiction of fact questions. Besides this, the certificate infringes the rule against certifying the whole case to the Supreme Court. Owens v. Tedford, 114 Texas, 390.

We recommend that the certificate be dismissed.

The opinion of the Commission of Appeals recommending the dismissal of the certificate is adopted and the certificate is dismissed.

C. M. Cureton, Chief Justice.