## HOLLIS, County Clerk, v. PARKLAND CORPORATION.

### No. 1309-5396.

Commission of Appeals of Texas, Section A.

June 25, 1930.

C. C. Gumm, of Fort Worth, for appellant.

McCart, Curtis & McCart, of Fort Worth, for appellee.

### HARVEY, P. J.

The Court of Civil Appeals for Second District has submitted the following certificate containing certified questions:

"The Parkland Corporation of Tarrant County sought a writ of mandamus directed to Chester Hollis, county clerk of Tarrant County, requiring him to file for record a plat and dedication of a tract of land, consisting of some sixty acres, about two miles south of the city limits of Fort Worth. The plaintiff alleged that the property was dedicated for cemetery purposes under the name of the Parkland Memorial Cemetery. That plaintiff presented, or caused to be presented, to defendant 'said plats and dedications', hereinafter called plat and dedication, and tendered the same to defendant for filing and recordation in his office in Tarrant County, together with filing fee; that defendant refused to file or record said plat and dedication because the same was not approved by the City Plan Commission of the City of Fort Worth. That plaintiff presented said plat and dedication to said City Plan Commission, and that on August 2, 1928, said plat with the dedication attached thereto was in all respects approved by said City Plan Commission, subject to certain changes and conditions thereafter made. That certain owners in the vicinity of the proposed cemetery undertook to appeal from said action of said City Plan Commission to the City Council of said City of Fort Worth, and said City Council did, on August 7, 1928, upon said purported appeal, undertake to disapprove said plat, which action of said City

Council was null and void, as claimed by plaintiff. That since the approval of said plat by said City Plan Commission, plaintiff has again tendered said plat with the dedication attached thereto, together with filing fee, and requested defendant to file and record the same in the 'Plat Records' of Tarrant County, which defendant failed and refused to do. That it was the duty of defendant to file and record said plat with the attached dedication when same was first presented to him by plaintiff, and especially was it the duty of defendant to file said plat and dedication after they had been approved by the City Plan Commission, as directed in chapter 231, page 342, of the General and Special Laws of Texas of 1927, contained in the Acts of the 40th Legislature, at the regular session thereof.

"Plaintiff alleged that he had complied fully with the requirements of said Act, and that it was but a ministerial duty of defendant to file said plat and dedication for record. The plat offered for record showed a division of the land into lots and a dedication of the same for cemetery purposes.

"It appears that some of the property owners adjacent to the location of the proposed cemetery are opposed to the location of the cemetery, and have employed counsel to seek to prevent said location. Counsel for defendant introduced in evidence Ordinance #1191, which provides that no person, firm, corporation, etc., should undertake to sell any lot from any tract of land that has been platted into an addition or subdivision, which tract of land is either located within the limits of the City of Fort Worth or at any point within a space of five thousand feet beyond said limits, without first submitting an accurate map of said plat to the City Plan Commission and the City Council of the City of Fort Worth, and providing for an appeal from the order of said City Council to the district court, and providing a penalty for the violation of any of the provisions thereof. Said ordinance provides for a supervision of the acts of the City Plan Commission by the City Council, and that if any party be dissatisfied with the decision rendered by the City Council, he may within ten days present a petition to the district court of Tarrant County for the purpose of determining whether or not said petitioner has complied with the rules, regulations and ordinances of the City of Fort Worth governing the platting of new additions. This ordinance was passed on October 26, 1926, prior to the enactment of the statute passed by the 40th Legislature, heretofore noted. Defendant also introduced the ordinance providing for a City Plan Commission for the City of Fort Worth, which provided that said commission should consist of five members, three members constituting a quorum for the transaction of business. That

said commission should procure information and make recommendations to the City Council and should cooperate with the Park Board, the Recreation Board, and all similar organizations, as to all facts bearing upon the needs of the city with regard to recreation grounds, the development and improvement of parks and boulevards, the improvement of river fronts, the extension or opening of streets and avenues and other public ways or places, and city plans and improvements generally. That it should formulate a plan to regulate and restrict the location of trades and industries and the location of buildings designed for specific uses, and also regulate and limit the height and bulk of buildings hereafter to be erected and, to effect such purposes, divide the city into zones of such number, shape and area as may seem best to carry out a definite plan for the betterment of the city and to submit same to the City Council for approval or rejection. By this ordinance the actions of the City Plan Commission are reviewable by and under the supervision of the City Council.

"The defendant introduced in evidence the following report and letter from the City Plan Commission to the Mayor, City Council and City Manager of the City of Fort Worth:

" 'The plat of a proposed cemetery entitled Parkland Memorial Cemetery was submitted to the City Plan Commission for consideration on June 26, 1928. The location of this tract is between the Crowley Road and the Santa Fe Railroad about one and one-half miles south of the City Limits. Immediately following the filing of this plat with the Commission a protest was filed signed by the owners of approximately 2,000 acres of land in the vicinity of the proposed cemetery. Mr. C. C. Gumm, attorney for the protestants, made the assertion that the Commission had the right to consider the use of land as well as the actual payout of streets, alleys, etc. This matter was referred to the Assistant City Attorney, Mr. Geo. Kemble, who concurred in that opinion. After several meetings at which this matter was taken up, the Commission held a hearing on Tuesday, July 31st, at which time the protestants produced expert testimony in an attempt to show that water would filtrate through the cemetery in graves and seep out on the sides of the hill in neighboring property carrying with it disease germs which would·be inimical to the health of the community. The proponents of the cemetery introduced evidence to show that in similar cases in which injunctions were asked the courts had held that while there was a possibility of infection the probability was not sufficiently strong to warrant an injunction. Letters from the Sanitary Engineer of Dallas and State Health Officers were also introduced to show that there was no knowledge of infections from cemeteries. In addition to this a report was submitted by Dr. Martin

stating that while there was possible infection it was not probable and in his opinion therefore not dangerous. After due consideration of the evidence, the strong probability of infection was not sufficiently conclusive to justify the Plan Commission in refusing to approve the plat and the following resolution was subsequently passed:

" ' "It is agreed that the plat of the proposed Parkland Memorial Cemetery lying between the Crowley Road and the Sante Fé Railroad, about one and one-half miles south of the city limits, would be satisfactory to the City Plan Commission after certain changes were made in the alignment and details of the north and south road through the property and if certain other changes in the plat were made as indicated, and it was decided that there was not sufficient evidence to prove that this use of the property would be detrimental to the public health and welfare and that the Plan Commission would not be justified in withholding approval of the plat on such grounds."

" 'The protestants not being satisfied with the finding of the Plan Commission requested an opportunity to present its case to the City Council before the signing of the Plat and this letter is therefore addressed to you to make clear what action has already been taken and the reason therefor.'

"The defendant introduced the following from the minutes of the City Council:

" 'The City Plan Commission reported to City Council on an application and approved plans for a proposed cemetery, to be known as Parkland Memorial Cemetery, said cemetery to be located about one and one-half miles south of City limits in the vicinity of Southwestern Baptist Theological Seminary. C. C. Gumm, attorney for property owners who are opposing this location of said cemetery, appeared before the City Council on behalf of his clients. A. B. Curtis then appeared before the Council representing the owners of the proposed cemetery and urged the approval of the City Plan Commission's recommendation. After due consideration of the pleas which had been made, a resolution which was offered by Councilman Thompson and seconded by Councilman Jarvis, was unanimously adopted, disapproving the recommendation of the City Plan Commission, and disapproving said plat.'

"It is also admitted that the provisions of chapter 231, General and Special Laws of the State of Texas, found on page 342 of the Acts of the 40th Legislature at the regular session thereof, was adopted by the City of Fort Worth as part of its charter on February 10, 1928. Counsel for plaintiff introduced in evidence, over objection of defendant, the following certificate of the City Plan Commission, to wit:

" 'This is to certify that heretofore the plat and subdivision attached hereto of a proposed

cemetery, located about two miles south of the city limits of the City of Fort Worth, on and near the Crowley Road in Tarrant County, Texas, belonging to the Parkland Corporation, was presented to the City Plan Commission of the City of Fort Worth, Texas, for its approval. That on to wit, August 2, 1928, said plat and subdivision were approved by said City Plan Commission, subject to certain conditions and changes which were thereafter made to the satisfaction of said City Plan Commission. That thereupon Mr.' C. C. Gumm, as attorney for J. M. Archer et al., owners of property in the vicinity of said proposed cemetery' gave notice of appeal from said action of said City Plan Commission to the City Council of the City of Fort Worth, Texas, and said application, together with the action of said City Plan Commission thereon, were referred to said City Council for action. That thereafter on August 7, 1928, said City Council upon said appeal disapproved said plat and subdivision.'

"The case here presented is now before us, the district court having granted the writ of mandamus, and the defendant having appealed to this court. We are not thoroughly agreed as to what should be done in the premises, and we think it advisable to certify to your Honors the following questions:

"1. Has the appellee a constitutional right to have filed for record its plat and dedication tendered to appellant?

"We note that the State Constitution, section 20, article 5, provides that the county clerk shall be the recorder of the county; and that article 16, section 15, of the Constitution provides that the Legislature shall pass laws more clearly defining the rights of the wife, in relation as well to her separate property as to that held in common with her husband, and that laws shall also be passed providing for the registration of the wife's separate property.

"Article 6591, Rev. Civ. Statutes of 1925, provides that county clerks shall be recorders for their respective counties, and shall record all instruments in writing authorized or required to be recorded in the county clerk's office.

"2. (a) Is the Act of the 40th Legislature, hereinabove referred to, constitutional, and does said Act violate Article 1, Section XIX, of the State Constitution, and Article XIV of the Constitution of the United States, the due process of law articles of the State and Federal Constitutions?

"(b) Is said Act in violation of Article 1, Section 17, of the State Constitution?

"3. Was the certificate of the City Plan Commission admissible in evidence for all purposes?

"The defendant introduced this certificate in support of his plea in abatement, claiming that the plaintiff had an adequate remedy at law, under the provision of Ordinance #1191, which provided that if any interested party be dissatisfied with the decision rendered by the City Council, he may, within ten days, present his petition in the district court of Tarrant County for the purpose of determining whether or not said petitioner has complied with the rules, regulations and ordinances of the City of Fort Worth governing the platting of new additions.

"Appellants here urge that said certificate was admissible only as supporting, if it does support, said plea in abatement. It will be noted that chapter 231, page 342 of the General and Special Laws of the Regular Session of the 40th Legislature, providing that the City Plan Commission (there styled City Planning Commission), or the governing body, as the case may be, shall indicate its finding by certificate endorsed thereon, signed by the chairman or presiding officer of said Commission, or governing body, and attested by its Secretary, or signed by a majority of the members of said Commission, or governing body. The certificate introduced in evidence was signed by the President, and attested by the Secretary, of the City Plan Commission.

"4. Was the City of Fort Worth or the complaining owners of land adjacent to the Parkland Memorial Cemetery necessary parties to the suit, under the plaintiff's pleadings?

"5. Did the City Council have a supervisory power over the action of the City Plan Commission, and could said City Council reject or disapprove the finding of the City Plan Commission in this matter?

"6. Was the certificate of the City Plan Commission, offered by the defendant in support of his plea in abatement, sufficiently clear and free from doubt as to authorize its admission in a mandamus proceeding?

"7. Does said Act of the 40th Legislature apply to a subdivision of a cemetery, such as the one in question?

"8. Did the trial court err in granting the writ?"

A careful inspection of the foregoing certificate leads us to the conclusion that the whole case appears to be submitted to the Supreme Court for decision. In view of this, we do not think that the court should assume jurisdiction in the premises.

We therefore recommend that the certificate be dismissed.

CURETON, C. J.

Certificate from Court of Civil Appeals dismissed.