HELEN LIDELL JONES ET AL. v. G. A. WYNNE ET AL.

No. 7178. Decided November 12, 1936.
(98 S. W., 2d Series, 177.)

*J. S. Bracewell,* of Houston, for appellant.

*Dean & Humphrey,* of Huntsville, for appellee.

PER CURIAM: This case is before us on a certified question from the Court of Civil Appeals for the First District at Galveston.

This suit was filed in the District Court of Walker County, Texas, by Helen Lidell Jones et al. against G. A. Wynne et al. When the case was tried in the district court, that court sustained the general demurred filed by G. A. Wynne. Helen Lidell Jones et al. appealed to the Court of Civil Appeals for the First District at Galveston. We will not attempt to detail the facts and issues involved. It is sufficient to say that they are rather complicated. The Court of Civil Appeals has certified to this Court the following question:

"Did the trial court err in sustaining the general demurrer?"

The question above quoted is not in compliance with Article 1851, R. C. S. of Texas, 1925. Douglas Oil Company et al. v. State of Texas et al., 124 Texas, 233, 76 S. W. (2d) 1043. What was said by this Court in the case just cited applies to the certificate in this case. We quote therefrom as follows:

"It presents the entire case and comes within 'the oft-declared rule against certifying a whole case to the Supreme Court,' and does not comply with Article 1851, R. S., 1925, 'requiring the Courts of Civil Appeals to formulate * * * the specific question of law to be determined by the Supreme Court.' Owens v. Tedford, 114 Texas, 390, 269 S. W., 418. See, also: Hedrick v. Ratcliff, 122 Texas, 313, 58 S. W. (2d) 41; Hollis v. Parkland Corporation (Com. of App.), 29 S. W. (2d) 309; First National Bank of Port Arthur v. Zorn, 117 Texas, 180, 299 S. W., 847; Taylor v. Higgins Oil & Fuel Co., 117 Texas, 149, 298 S. W., 891; Falfurrias Immigration Company v. Spielhagen, 103 Texas, 144, 124 S. W., 616; Poole v. Burnet County, 97 Texas, 77, 76 S. W., 425."

It is ordered that the certificate be dismissed and the record returned to the Court of Civil Appeals.

Opinion delivered November 12, 1936.