CITY OF FORT WORTH ET AL. v. T. L. BURNETT ET AL.

No. 7371. Decided February 2, 1938.
(112 S. W., 2d Series, 702.)

No briefs on file.

PER CURIAM:

This case is before us on a certified question from the Honorable Court of Civil Appeals for the Second Supreme Judicial District at Fort Worth. It appears from the record before us that S. B. Burnett executed and delivered to the City of Fort Worth, Texas, a deed of gift to a certain tract of land in such city. The city accepted the gift subject to the terms and conditions thereof. It seems that the deed was made, generally speaking, for park purposes. The gift deed provides, in substance, that failure on the part of the city to keep and observe any of the conditions annexed to the gift shall entitle the donor, or his heirs or assigns, to declare the gift forfeited, and, in case of such forfeiture, it is provided that the premises and property shall revert to the donor or his heirs or assigns.

The city is preparing to erect a library building on a part of the above premises, and certain heirs of S. B. Burnett applied to the district court for an injunction to prevent the same. The district court issued a temporary injunction, and the city appealed to the Court of Civil Appeals at Fort Worth. The certificate sets out very voluminously the pleadings of the parties and also the findings of the trial court.

After making a statement of the case, which is rather full, the Court of Civil Appeals has certified to this Court the following question: "Did the trial court err in granting the temporary injunction and restraining order?"

1 The above certificate presents the entire case and comes within "the oft-declared rule against certifying the whole case

to the Supreme Court." In this regard it does not comply with Article 1851, R. C. S. 1925, requiring the Court of Civil Appeals to formulate the specific question of law to be determined by the Supreme Court. Douglas Oil Co. et al. v. State et al., 124 Texas 232, 76 S. W. (2d) 1043; Owens v. Tedford, 114 Texas 390, 269 S. W. 418; Wyatt C. Hedrick v. Ratcliff, 122 Texas 313, 58 S. W. (2d) 41; Hollis v. Parkland Corp., (Tex. Com. App.) 29 S. W. (2d) 309; First National Bank of Port Arthur v. Zorn, 117 Texas 180, 299 S. W. 847; Taylor v. Higgins Oil & Fuel Co., 117 Texas 149, 298 S. W. 891; Falfurrias Immigration Company v. Spielhagen, 103 Texas 144, 124 S. W. 616; Poole v. Burnet County, 97 Texas 77, 76 S. W. 425; Morrow v. Corbin, 122 Texas 553, 62 S. W. (2d) 641.

2   The certificate is not accompanied by a tentative opinion of the Court of Civil Appeals. The certificate states that this is not done because of an emergency. The rule (126 Texas v) requires that the emergency shall be stated in the certificate. By this is meant not that the certificate shall merely state that there is an emergency, but shall give the reasons therefor,— that is, shall set forth the circumstances that have produced or given rise to the emergency. Of course, this Court reserves the right to pass on the reasons given and determine whether or not they constitute an emergency. From the record before us in this case we seriously doubt that an emergency within the above rule exists. However, we do not pass on that question at this time.

The certificate is dismissed.

Opinion delivered February 2, 1938.