THE STATE OF TEXAS v. ROBB & ROWLEY UNITED, INC., ET AL.

No. 7389.   Decided March 16, 1938.
(114 S. W., 2d Series, 225.)

*Charles Proctor,* County Attorney for Anderson County, of Palestine, for appellant.

*J. D. Pickett,* of Palestine, for appellee.

PER CURIAM:

This case is before this Court on one certified question from the Court of Civil Appeals at Galveston. It appears from the certificate, and opinion accompanying it, that this cause was filed in the district court of Anderson County, Texas, by the State, by and through the county attorney of such county, against the above named appellees, to enjoin them from operating and conducting "Buck Night." It is alleged that the scheme or plan known as "Buck Night" is a lottery within the meaning of our penal statutes denouncing lotteries. The authority to bring the action is asserted by the county attorney under

Articles 4666 and 4667, R. C. S. of Texas, 1925. The district court refused the injunction, and the State appealed. On original hearing the Court of Civil Appeals affirmed the judgment of the district court. On rehearing the Court of Civil Appeals has certified to this Court a question, which we will later indicate.

In its opinion, which accompanies the certificate, the Court of Civil Appeals seems to construe our opinion in the case of City of Wink v. Griffith Amusement Co., 129 Texas 40, 100 S. W. (2d) 695, as holding that the plan or scheme there involved was not a lottery. We did not even attempt to decide that question in that case. We did decide that there was no statute giving a city the right to enjoin the operation of a lottery. We also decided that the Griffith Amusement Company was not entitled to an injunction against the city, because it was at least engaged in the operation of a scheme denounced by our Constitution as against the public policy of this State. Finally, there is absolutely no conflict between the opinion of this Court in the City of Wink case, supra, and that of the Court of Criminal Appeals in the case of Cole v. State, 112 S. W. (2d) 725, 2 Texas Supreme Court Reporter 195.

With the record in the above condition, the Court of Civil Appeals has certified to this Court the following question:

"Did we err in our original opinion herein in holding that the State—in manner and form as brought by it—was not entitled to the temporary injunction it sought against the appellee herein under the cited statutes, R. S. Articles 4666 and 4667?"

The above question does not meet the requirements of Article 1851, R. C. S. 1925. It certifies the entire case to this Court for decision. The statute requires that in certifying questions to the Supreme Court a Court of Civil Appeals shall formulate questions of law to be answered by the Supreme Court. It is not permissible to simply ask the Supreme Court to decide the case. City of Fort Worth et al. v. Burnet et al., 131 Texas 34, 112 S. W. (2d) 702, and authorities there cited.

The certificate is dismissed.

Opinion delivered March 16, 1938.