TOM HEDGPETH V. L. J. GARTMAN ET AL.

No. 7684. Decided January 10, 1940.
(135 S. W., 2d Series, 86.)

*Allen & Allen,* of Hamilton, for appellant.

*A. R. Eidson,* of Hamilton, for appellee.

PER CURIAM.

This case is before the Supreme Court on the following certificate from the Court of Civil Appeals for the Tenth District:

"The above cause is now pending before this court on motion for rehearing. The facts at issue are fully stated in our original opinion, which is hereby referred to and made a part of this certificate. Paragraphs 1 to 4, inclusive, of plaintiff in error's petition are made a part hereof.

"Defendants in error, in their motion for rehearing cite for the first time the case of Quinn v. Prudential Insurance Company, reported in 90 N. W. p. 349, which case involved a publication similar in language but made under materially different circumstances. A tentative memorandum opinion overruling defendants in error's motion for rehearing has been prepared and a copy of the same is submitted herewith. No. similar case has been cited or found in the opinions of the courts of this State and the proper disposition of defendants in error's motion for rehearing is not clear to the several members of the court. In view of this fact, we deem it advisable to certify the question of law involved to your Honorable Court for determination.

"We therefore respectfully inquire whether we were correct in reversing the judgment of the trial court sustaining de-

fendants in error's general demurrer and in remanding the cause to said court for a trial on the facts.

"It will be noted that this case was brought to this court by writ of error, but the parties were designated as appellant and appellees, respectively, in all their briefs and they were so designated in the preparation of both the original opinion and the tentative opinion on the motion for rehearing."

The above certificate is accompanied by a tentative opinion as required by our rules.

It will be noted that the certificate simply inquires "whether we were correct in reversing the judgment of the trial court sustaining defendants in error's general demurrer and in remanding the cause to said court for a trial on the facts."

The above question does not meet the requirements of Art. 1851, R. C. S. 1925. It certifies the whole case to this Court. This is not permitted. State v. Robb & Rowley United, Inc., et al., 131 Texas 188, 114 S. W. (2d) 225; City of Ft. Worth v. Burnett, 131 Texas 34, 112 S. W. (2d) 702. Simply stated, this certificate comes under the condemnation of the above two authorities.

The certificate is dismissed.

Opinion delivered January 10, 1940.